UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY D. SALLIS, #71881-198,

        Petitioner,

                              CASE NO. 2:16-CV-13846
v.                           HONORABLE GERSHWIN A. DRAIN

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION
FOR A WRIT OF HABEAS CORPUS**

**I.    Introduction and History**

Federal prisoner Gregory D. Sallis ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his federal sentence. In 1999, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 841(a)(1), 846, and 1952(a)(3) following a jury trial in the United States District Court for the Eastern District of Wisconsin and was sentenced to concurrent terms of 360 months imprisonment, 360 months imprisonment and 60

months imprisonment (a total term of 30 years) with five years of supervised release.

Following his sentencing, Petitioner filed an appeal with the United States Court of Appeals for the Seventh Circuit, which affirmed his convictions. *United States v. Hardin*, 209 F.3d 653 (7th Cir. 2000). The United States Supreme Court then vacated Petitioner's sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and remanded the case for further consideration. *Sallis v. United States*, 531 U.S. 1135 (2001). On remand, the Seventh Circuit affirmed Petitioner's sentence. *United States v. Robinson*, 39 F. App'x 386 (7th Cir. 2002). In 2003, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with the sentencing court, which was denied. The Seventh Circuit denied a certificate of appealability. *Sallis v. United States*, No. 06-2785 (7th Cir. Jan. 26, 2007). In 2016, Petitioner sought permission from the Seventh Circuit to file a successive motion to vacate his sentence pursuant to § 2255 relying upon *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015) (ruling that the residual clause of the Armed Career Criminal Act was unconstitutionally vague), but the Seventh Circuit rejected that request finding that his sentence was based upon his drug quantity and criminal history, not the career offender guideline. *Sallis v. United States*, No. 16-2272 (7th Cir. June 15, 2016).

Petitioner thereafter filed his federal habeas petition. In his pleadings, he

asserts that he should be allowed to proceed under § 2241 pursuant to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), because he is actually innocent of being a career offender under the sentencing guidelines. Specifically, he claims that his prior California convictions for shooting into an occupied dwelling and for a controlled substance offense no longer qualify as predicate offenses to support his career offender designation following the United States Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, _ U.S. _, 136 S. Ct. 2243 (2016). Petitioner has filed a supplement to his petition citing *Higdon v. United States*, 882 F.3d 605 (6th Cir. 2018) (ruling that a North Carolina conviction for discharging a firearm into an occupied structure is not a violent felony under the Armed Career Criminal Act), to support his argument that his prior California conviction for shooting into an occupied dwelling is not a crime of violence. Respondent has filed answers to the original and supplemental pleadings contending that Petitioner is not entitled to relief under § 2241 and *Hill* because he was sentenced based upon his drug quantity and his criminal history, not his designation as a career offender under the sentencing guidelines. Petitioner has filed replies to those answers.

II.   Discussion

A federal prisoner seeking to challenge his or her conviction or sentence

must normally file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the sentencing court. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A federal prisoner may challenge his or her conviction or sentence pursuant to 28 U.S.C. § 2241 in the district court where he or she is confined only if he or she establishes that the post-conviction remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756. The petitioner has the burden of establishing that his or her remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

For many years, the United States Court of Appeals for the Sixth Circuit held that a federal prisoner could not raise a sentencing challenge under 28 U.S.C. § 2241 via the "savings clause" of § 2255. *See, e.g., Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). The Sixth Circuit, however, recently modified this rule. In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may obtain habeas relief under § 2241 based on "a misapplied sentence," if he or she establishes "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the

4

misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id*. at 595. The Sixth Circuit went on to state that its decision addressed "only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600.

In this case, Petitioner cannot establish that he is entitled to relief under *Hill* based upon the Supreme Court's rulings in *Descamps* or *Mathis* because the record reveals that he was sentenced based upon his drug quantity and his criminal history, not the fact that he also qualified as a career offender under the sentencing guidelines. The Presentence Investigation Report ("PSIR") shows that Petitioner's offense level was scored at 40 based upon the quantity of drugs involved in the offense (38) and the use of a firearm (2). This score (40) was higher than his score under the guidelines (37) so it was applicable rather than the guidelines. Additionally, Petitioner's criminal history was scored at 15 based upon his prior adult convictions (13) and the fact that he was on probation at the time of the offense (2). Based upon his 15 criminal history points, his criminal history

5

category was a Category VI, without regard to any designation as a career offender under the guidelines. *See* PSIR, Pet. Exh. 1; *see also Sallis v. United States*, No. 16-2272 (7th Cir. June 15, 2016) ("Sallis was not sentenced under the residual clause or the career-offender guideline, so *Johnson* has no effect on his sentence. Instead his offense level depended on the quantity of drugs he was responsible for, and his criminal history score was VI no matter what.").

Because Petitioner's sentence was based upon his quantity of drugs and his criminal history, rather than the career offender enhancement provision of the guidelines, the question of whether his prior California convictions counts as predicate offenses under the guidelines so as to support his career offender designation is irrelevant. His sentencing guideline range remains the same (even without the career offender enhancement). *See, e.g., Sanders v. United States*, Nos. CV415-324, CR410-162, 2016 WL 1728929 (S.D. Ga. Jan. 5, 2016) (report and recommendation finding that request for relief was moot based upon fact that petitioner's offense level computation was higher than his career offender computation and his criminal history fell within Category VI even before applying the career offender enhancement and recommending that § 2255 motion be denied), adopted as the Court's opinion, *Sanders v. United States*, Nos. CV415-324, CR410-162, 2016 WL 1756914 (April 29, 2016). Petitioner fails to

6

establish that he is subject to a misapplied sentence that presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. He is thus not entitled to habeas relief under § 2241.

**III. Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim. Accordingly, the Court **DENIES** and **DISMISSES** with prejudice the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Consequently, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: April 5, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager